**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**EASTERN DIVISION**
No. _____ : _____-CV-_____-_____

| | |
|---|---|
| Lakiesha Cross, Joyce Fulford, Dorthea Edmond, Brianna Taylor, Vanity Benton, Frencesco West, Paris Taylor, Paris Taylor, parent and guardian of C.P., Jr., a minor, Matthew Woodruff, and Mamie Patterson, individually and on behalf of all those similarly situated, | |
| Plaintiffs, | CLASS ACTION COMPLAINT JURY TRIAL DEMANDED |
| vs. | |
| Formativ Health Management, Inc., formerly known as Etransmedia, | |
| Defendants. | |

## I.      INTRODUCTION

1.      This is a lawsuit by Lakiesha Cross, Joyce Fulford, Dorthea Edmond, Brianna Taylor, Vanity Benton, Frencesco West, Paris Taylor, Paris Taylor as parent and guardian of C.P., Jr., a minor, Matthew Woodruff, and Mamie Patterson ("Plaintiffs"), individually and on behalf of all those similarly situated, seeking damages as well as declaratory and injunctive relief as a result of Formativ Health Management's practice overcharging patients for their medical records in violation of federal and state law.

2.      The federal standards that protect the privacy of individually identifiable health information and the security of electronically protected health information, known as the "Privacy and Security Rules" of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), state that an individual has the right to access his or her protected health information (PHI) that is maintained by a "covered entity" or its business associate in a designated record set,

for as long as the PHI is maintained in the designated record set (e.g. medical or billing records). *See* 45 C.F.R. § 164.524.(a)(1).

3.    If an individual requests an electronic copy of such PHI, then except under certain circumstances, a covered entity is required to provide the individual with an electronic copy to the extent it is readily producible. *See* 45 C.F.R § 164.(C)(2)(i) and (ii).

4.    The Privacy Rule permits the covered entity or its business associate to impose reasonable, cost-based charges to provide individuals (or personal representatives) with access to their PHI. The fee may include only the cost of copying (including supplies and labor) and postage, if the patient requests that the copy be mailed.  If the patient has agreed to receive a summary or explanation of his or her protected health information, the covered entity may also charge a fee to prepare the summary or explanation. The fee may not include costs associated with searching for and retrieving the requested information. *See* 45 C.F.R § 164.524(c)(4).

5.    Essentially, a medical-records vendor has three options: (1) It can charge the requesting patient based on its actual, calculated cost to provide the records; (2) it can charge the requesting patient based on an average of its actual, calculated costs to provide the records; or (3) if it chooses not to calculate and disclose its actual costs or average actual costs, the vendor can charge the requester a flat fee of $6.50.[1]

6.    If an individual's request for access directs the covered entity to transmit the copy of PHI directly to another person designated by the individual, the covered entity or its business associate must provide the copy to the person designated by the individual. The individual's

---

[1] *See, e.g.*, *Clarification of Permissible Fees for HIPAA Right of Access – Flat Rate Option of Up to $6.50 is Not a Cap on All Fees for Copies of PHI*, U.S. Department of Health & Human Services (May 23, 2016), https://www.hhs.gov/hipaa/for-professionals/privacy/guidance/access/index.html#maximumflatfee.

request must be in writing, signed by the individual, and clearly identify the designated person and where to send the copy of the PHI. *See* 45 C.F.R. § 164.524(c)(3)(ii).

7. Even when an individual's request for access directs the covered entity to transmit the copy of PHI directly to another person designated by the individual, the fee limitations in 45 C.F.R § 164.524(c)(4) still apply.

8. Defendant Formativ Health Management, Inc. ("Formativ"), formerly known as Etransmedia (collectively "Formativ") contracted with certain medical providers—including but not limited to medical providers in North Carolina—to manage, maintain, and produce records pursuant to patients' medical records and billing requests. Thus, for the purposes of HIPAA, Formativ was the business associate of these covered entities.

9. Formativ is fully aware of the federal regulations outlined above. Despite its knowledge of the rules, Formativ continues to violate the law by overcharging the patients for their medical records and/or medical bills.

10. Based on their attorneys' investigation, Plaintiffs believe there are hundreds or thousands of individuals who, like them, have requested medical bills, health information, records, and PHI from Formativ under the federal regulations set forth above. Formativ has blatantly disregarded its obligations to these individuals and continued to impose charges not allowed by law.

## II. PARTIES

### *Plaintiffs*

11. Plaintiff and Class Representative Lakiesha Cross is a resident of Tarboro, North Carolina (Edgecombe County).

12. Plaintiff and Class Representative Joyce Fulford is a resident of Greenville, North Carolina (Pitt County).

13. Plaintiff and Class Representative Dorthea Edmond is a resident of Rocky Mount, North Carolina (Edgecombe County).

14. Plaintiff and Class Representative Brianna Taylor is a resident of Farmville, North Carolina (Pitt County).

15. Plaintiff and Class Representative Vanity Benton is a resident of Sneeds Ferry, North Carolina (Onslow County).

16. Plaintiff and Class Representative Frencesco West is a resident of Rocky Mount, North Carolina (Edgecombe County).

17. Plaintiff and Class Representative Paris Taylor is a resident of Rocky Mount, North Carolina (Nash County).

18. Plaintiff and Class Representative Paris Taylor, as parent and guardian of C.P., Jr., a minor, is a resident of Rocky Mount, North Carolina (Nash County).

19. Plaintiff and Class Representative Matthew Woodruff is a resident of Greenville, North Carolina (Pitt County).

20. Plaintiff and Class Representative Mamie Patterson is a resident of Hollister, North Carolina (Halifax County).

*Defendants*

21. Defendant Formativ Health Management, Inc. is a Delaware corporation headquartered in the state of New York.

22. Upon information and belief, Formativ was formed in 2017 in a joint venture of Northwell Health, New York State's largest health-care provider, and Pamplona Capital Management, a private equity firm.

23. Shortly after Formativ's formation, it acquired Etransmedia, a medical billing and healthcare software company based in Charlotte, North Carolina, that was started at Rensselaer Polytechnic Institute in Troy, New York. Etransmedia was formerly known as Archiivus.

24. Formativ recently described itself as "a technology-enabled health services company focused on transforming the patient-provider experience," whose services "help health systems respond to the rise of consumerism by combining powerful technology with an empathetic approach to customer service" and help clients "enhance their patients' experience."

### III. JURISDICTION AND VENUE

25. Named Plaintiffs are all North Carolina residents.

26. Formativ is a Delaware corporation headquartered in New York that regularly transacts business throughout North Carolina, including several of the counties where Plaintiffs reside and/or received medical treatment.

27. Formativ willfully and purposefully avails itself of the privilege of doing business in the State of North Carolina, providing medical-record and/or medical bill services for hospitals and medical providers in the state.

28. The acts giving rise to this complaint occurred in North Carolina, including Lenoir, Mecklenberg, Nash, New Hanover, and Pitt counties.

29. Formativ can be served through its registered agent for service of process in the State of North Carolina at Corporation Service Co., 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608.

30. This Court has jurisdiction over this matter under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because upon information and belief the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which at least one

of the Plaintiffs is a citizen of a State different than any Defendant, and the number of members of all the proposed plaintiff classes in the aggregate is more than 100.

31.     This Court can exercise supplemental jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. § 1367.

32.     Venue is proper in this Court under 28 U.S.C. § 1391(a), (b), and/or (c) and 28 U.S.C. § 123(c)(2) because Formativ conducts business in this judicial district and a substantial part of the events and omissions giving rise to this action occurred in this district.

## IV.     FACTUAL BACKGROUND

### A. THE FEDERAL STATUTORY SCHEME

33.     Congress enacted HIPAA in 1996 "to improve . . . the efficiency and effectiveness of the health care system, by encouraging the development of a health information system through the establishment of standards and requirements for the electronic transmission of certain health information." HIPAA, Pub. L. 104–191, Aug. 21, 1996, 110 Stat 1936 (formerly codified at 42 U.S.C. § 1320d).

34.     In 2000, in accordance with instructions from Congress flowing from HIPAA, HHS published privacy standards for health information, now more commonly known as HIPAA's "Privacy Rule." *See* HHS, *Standards for Privacy of Individually Identifiable Health Information— Final Rule*, 65 Fed. Reg. 82462 (Dec. 28, 2000).

35.     The Privacy Rule created, for the first time, uniform federal standards governing the confidentiality, privacy, and lawful dissemination of medical records containing an individual patient's protected health information ("PHI"). *See* 45 C.F.R. § 164.501 (defining PHI).

36.     Among other things, the Privacy Rule addressed how consumers could obtain their PHI and how much they could be charged for copies of it.

37. In 2009, with the goal of updating HIPAA and promoting development and use of electronic health records, Congress enacted the HITECH Act. *See* 42 U.S.C. § 300jj-11.

38. The HITECH Act clarified the procedures under which a consumer could obtain their PHI. First, it made clear that individuals had the right to obtain a copy of their PHI in an electronic format and, if the individual chose, to direct the covered entity to transmit the copy directly to an entity or person designated by the individual, provided that any such choice was clear, conspicuous, and specific. *See* 45 C.F.R. § 164.524(c)(3). Second, the Act capped the fee that a provider could charge the individual. *Id.* at § 164.524(c)(4).

39. In 2013, HHS published amendments to the Privacy Rule, among others. *See* 78 Fed. Reg. 5566 (Jan. 25, 2013) (amending 45 C.F.R. Parts 160 and 164). These amendments became commonly known as the "Omnibus Rule."

40. The Omnibus Rule announced that (1) individuals were entitled to obtain a copy of their health information in the "form and format" they wished, as long as that form and format is "readily producible" by the covered entity; (2) individuals must be able to request an electronic copy of their health information maintained in an electronic format; (3) individuals could direct a provider to transmit records directly to the individual's designee; and most importantly for purposes of this Complaint, **(4) fees for electronic copies could not include costs associated with searching for or retrieving the requested information.** *Id.*

41. In 2016, HHS issued a guidance document clarifying the HITECH rule, including its limits on what patients or their designated recipients may be charged for healthcare information.[2] The guidance document stresses and confirms that "[t]he Privacy Rule permits a

---

[2] *See* HHS, Individuals' Right under HIPAA to Access their Health Information 45 CFR § 164.524 (Feb. 25, 2016), https://www.hhs.gov/hipaa/for-professionals/privacy/guidance/access/index.html (hereinafter "2016 Guidance").

covered entity to impose a reasonable, cost-based fee if the individual requests a copy of the PHI,"; that the fee "may not include costs associated with verification; documentation; searching for and retrieving the PHI; maintaining systems; recouping capital for data access, storage, or infrastructure"; and that these rules apply even "when an individual directs that the PHI be sent to another person." *Id.*

### B. FORMATIV AND THE HITECH RULE

42.     Formativ manages the process of responding to a medical-records and/or medical bills request for its hospital and clinic clients, including receiving the request, locating responsive documents, providing a response to the patient, invoicing the patient, and collecting payment.

43.     Ordinarily, Formativ requires advance payment in full for delivery of medical records and/or medical bills, and will not provide the requested medical records and/or medical bills unless the invoiced amount is paid in full and in advance.

44.     Formativ routinely imposes an improper and unlawful series of charges, including a "Base Rate" of $10.00 and per-page copy charges even when no paper copies were requested.

45.     Formativ is aware that the Privacy Rule permits covered entities to impose only reasonable, cost-based charges to provide individuals (or their designated recipient) with copies of their medical records and/or medical bills.

46.     Formativ is aware that it may charge individuals only on the basis of its actual costs, or an average of its actual costs, and that if it chooses not to calculate and specify its actual costs or average actual costs, it may charge no more than $6.50 for an individual's medical records and/or medical bills.  However, it defiantly and continually does so anyway.

### C. FACTS SPECIFIC TO NAMED PLAINTIFFS

47.     Here, each Plaintiff likewise properly requested medical records, information, medical bills, and/or protected health information (PHI) from their medical providers or Formativ

as an agent of their medical providers, and directed that the records be sent to their lawyer. Formativ did not follow the HITECH cost rule in responding.

48.     This practice of knowingly failing to follow a patient's request and federal regulations is a wrongful and deceptive practice. This practice is also negligent and unjust. The Plaintiffs named herein have been harmed by these practices.

### Plaintiff Lakiesha Cross's Medical-Records and/or Medical-Bills Request

49.     In a written request dated May 15, 2018 and signed by her, Plaintiff Lakiesha Cross requested copies of her medical records and/or medical bills from Eastern Radiologists, Inc., care of Formativ Health in Charlotte, North Carolina.

50.     In her request, Cross requested copies of her medical records and/or medical bills in electronic format only.

51.     Cross's request was headlined, "PATIENT DIRECTIVE TO HEALTHCARE PROVIDER PURSUANT TO HITECH RECORDS REQUEST."

52.     Cross directed the recipient of the request to send the records to her attorney, Christopher C. Kessler, The Kessler Law Firm P.L.L.C., P.O. Box 8064, Greenville, NC 27835.

53.     Cross's request was accompanied by documents from The Kessler Law Firm P.L.L.C. which made clear that the HITECH Act, 42 U.S.C. § 17935(e)(1), and the statute's implementing regulation at 45 C.F.R. § 164.524(c)(4), applied to her request.

54.     Formativ responded by sending a bill for $12.25 to The Kessler Law Firm.

55.     In its response to Cross's request, Formativ did not state that these charges reflected its actual costs, or that these charges reflected an average of its actual costs. Formativ did not reveal that these charges are unlawful under the HITECH act.

56.     Cross's attorney paid the expense. The expense was deducted from Cross's net settlement in her personal-injury matter. Therefore, Cross sustained damages.

*Plaintiff Joyce Fulford's Medical-Records and/or Medical-Bills Request*

57.     In a written request dated May 17, 2018 and signed by her, Plaintiff Joyce Fulford requested copies of her medical records and/or medical bills from Eastern Radiologists, Inc., care of Formativ Health in Charlotte, North Carolina.

58.     In her request, Fulford requested copies of her medical records and/or medical bills in electronic format only.

59.     Fulford's request was headlined, "PATIENT DIRECTIVE TO HEALTHCARE PROVIDER PURSUANT TO HITECH RECORDS REQUEST."

60.     Fulford directed the recipient of the request to send the records to her attorney, Christopher C. Kessler, The Kessler Law Firm P.L.L.C., P.O. Box 8064, Greenville, NC 27835.

61.      Fulford's request was accompanied by documents from The Kessler Law Firm P.L.L.C. which made clear that the HITECH Act, 42 U.S.C. § 17935(e)(1), and the statute's implementing regulation at 45 C.F.R. § 164.524(c)(4), applied to her request.

62.     Formativ responded by sending a bill for $12.25 to The Kessler Law Firm. The billed total from Formativ included a "Base Rate" ($10.00) and a charge for "Additional Pages" ($2.25).

63.     In its response to Fulford's request, Formativ did not state that these charges reflected its actual costs, or that these charges reflected an average of its actual costs. In its response, Formativ did not reveal that these charges are unlawful under the HITECH act.

64.     Fulford's attorney paid the expense. Fulford is liable for the expense.

*Plaintiff Dorthea Edmond's Medical-Records and/or Medical-Bills Request*

65.    In a written request dated June 27, 2018 and signed by her, Plaintiff Dorthea Edmond requested copies of her medical records and/or medical bills from Nash X-Ray Associates PA, care of Formativ Health in Charlotte, North Carolina.

66.    In her request, Edmond requested copies of her medical records and/or medical bills in electronic format only.

67.    Edmond's request was headlined, "PATIENT DIRECTIVE TO HEALTHCARE PROVIDER PURSUANT TO HITECH RECORDS REQUEST."

68.    Edmond directed the recipient of the request to send the records to her attorney, Christopher C. Kessler, The Kessler Law Firm P.L.L.C., P.O. Box 8064, Greenville, NC 27835.

69.    Formativ responded by sending a bill for $10.75 to The Kessler Law Firm. The billed total from Formativ included a "Base Rate" ($10.00) and a charge for "Additional Pages" ($0.75).

70.    In its response to Edmond's request, Formativ did not state that these charges reflected its actual costs, or that these charges reflected an average of its actual costs. Formativ did not reveal that these charges are unlawful under the HITECH act.

71.    Edmond's attorney paid the expense. Edmond is liable for the expense.

### Plaintiff Brianna Taylor's Medical-Records and/or Medical-Bills Request

72.    In a written request dated August 3, 2018 and signed by her, Plaintiff Brianna Taylor requested copies of her medical records and/or medical bills from Eastern Radiologists, Inc., care of Formativ Health in Charlotte, North Carolina.

73.    In her request, Taylor requested copies of her medical records and/or medical bills in electronic format only.

74. Taylor's request was headlined, "PATIENT DIRECTIVE TO HEALTHCARE PROVIDER PURSUANT TO HITECH RECORDS REQUEST."

75. Taylor directed the recipient of the request to send the medical records and/or medical bills to her attorney, Christopher C. Kessler, The Kessler Law Firm P.L.L.C., P.O. Box 8064, Greenville, NC 27835.

76. Formativ responded by sending a bill for $12.25 to The Kessler Law Firm. The billed total from Formativ included a "Base Rate" ($10.00) and a charge for "Additional Pages" ($2.25).

77. In its response to Taylor's request, Formativ did not state that these charges reflected its actual costs, or that these charges reflected an average of its actual costs. Formativ did not reveal that these charges are unlawful under the HITECH act.

78. Taylor's attorney paid $6.50 to Formativ and included a note that the facility had overcharged Taylor, citing the HITECH Act. Formativ has refused to provide the medical records and/or medical bills until Taylor pays another $5.75.

79. Formativ is holding Taylor's medical bill hostage until she pays the improper fee.

***Plaintiff Vanity Benton's Medical-Records and/or Medical-Bills Request***

80. In a written request dated November 5, 2018 and signed by her, Plaintiff Vanity Benton requested copies of her medical records and/or medical bills from Delaney Radiologists Group, PLLC, care of Formativ Health in Charlotte, North Carolina.

81. In her request, Benton requested copies of her medical records and/or medical bills in electronic format only.

82. Benton's request was headlined, "PATIENT DIRECTIVE TO HEALTHCARE PROVIDER PURSUANT TO HITECH RECORDS REQUEST."

83. Benton directed the recipient of the request to send the medical records and/or medical bills to her attorney, Christopher C. Kessler, The Kessler Law Firm P.L.L.C., P.O. Box 8064, Greenville, NC 27835.

84. Formativ responded by sending a form response and bill for $10.75 to The Kessler Law Firm. The billed total from Formativ included a "Base Rate" of $10 plus additional per-page copy charges of $0.75.

85. The form response stated, "*You* requested copies of medical records and/or itemized statements for Benton, Vanity from Delaney Radiologists, PA." (Emphasis added.)

86. In its response to this request, Formativ did not state that these charges reflected its actual costs, or that these charges reflected an average of its actual costs. Formativ did not reveal that these charges are unlawful under the HITECH act.

87. Benton's attorney paid the expense. Benton is liable for the expense.

***Plaintiff Frencesco West's Medical-Records and/or Medical-Bills Request***

88. In a written request dated October 30, 2018 and signed by her, Plaintiff Frencesco West requested copies of her medical records and/or medical bills from Eastern Radiologists, Inc., care of Formativ Health in Charlotte, North Carolina.

89. In her request, West requested copies of her medical records and/or medical bills in electronic format only.

90. West's request was headlined, "PATIENT DIRECTIVE TO HEALTHCARE PROVIDER PURSUANT TO HITECH RECORDS REQUEST."

91. West directed the recipient of the request to send the medical records and/or medical bills to her attorney, Christopher C. Kessler, The Kessler Law Firm P.L.L.C., P.O. Box 8064, Greenville, NC 27835.

92.     Formativ responded by sending a form response and bill for $13 to The Kessler Law Firm. The billed total from Formativ included a "Base Rate" of $10 plus additional per-page copy charges of $3.00.

93.     The form response stated, "You requested copies of medical records and/or itemized statements for West, Francesco [sic] from Eastern Radiologists."

94.     In its response to this request, Formativ did not state that these charges reflected its actual costs, or that these charges reflected an average of its actual costs. Formativ did not reveal that these charges are unlawful under the HITECH act.

95.     West's attorney paid the expense. West is liable for the expense.

***Plaintiff Paris Taylor's Medical-Records and/or Medical-Bills Request***

96.     In a written request dated October 16, 2018 and signed by her, Plaintiff Paris Taylor requested copies of her medical records and/or medical bills from Eastern Radiologists, Inc., care of Formativ Health in Charlotte, North Carolina.

97.     In her request, Taylor requested copies of her medical records in electronic format only.

98.     Taylor's request was headlined, "PATIENT DIRECTIVE TO HEALTHCARE PROVIDER PURSUANT TO HITECH RECORDS REQUEST."

99.     Taylor directed the recipient of the request to send the medical records and/or medical bills to her attorney, Christopher C. Kessler, The Kessler Law Firm P.L.L.C., P.O. Box 8064, Greenville, NC 27835.

100.    Formativ responded by sending a form response and bill for $10.75 to The Kessler Law Firm. The billed total from Formativ included a "Base Rate" of $10 plus additional per-page copy charges of $0.75.

101.    The form response stated, "You requested copies of medical records and/or itemized statements for Taylor, Paris from Eastern Radiologists."

102.    In its response to this request, Formativ did not state that these charges reflected its actual costs, or that these charges reflected an average of its actual costs. Formativ did not reveal that these charges are unlawful under the HITECH act.

103.    Paris Taylor's attorney paid the expense. Taylor is liable for the expense.

**_Plaintiff Paris Taylor, parent and guardian of C.P., Jr., a minor's Medical-Records and/or Medical-Bills Request_**

104.    In a written request dated October 16, 2018 and signed by his parent and guardian Paris Taylor, Plaintiff C.P., Jr., a minor, requested copies of his medical records and/or medical bills from Eastern Radiologists, Inc., care of Formativ Health in Charlotte, North Carolina.

105.    In her request, Paris Taylor, parent and guardian of C.P., Jr., a minor, requested copies of C.P., Jr.'s medical records and/or medical bills in electronic format only.

106.    C.P., Jr.'s request was headlined, "PATIENT DIRECTIVE TO HEALTHCARE PROVIDER PURSUANT TO HITECH RECORDS REQUEST."

107.    This request directed the recipient to send the medical records and/or medical bills to C.P., Jr. attorney, Christopher C. Kessler, The Kessler Law Firm P.L.L.C., P.O. Box 8064, Greenville, NC 27835.

108.    Formativ responded by sending a form response and bill for $11.50 to The Kessler Law Firm. The billed total from Formativ included a "Base Rate" of $10 plus additional per-page copy charges of $1.50.

109.    The form response stated, "You requested copies of medical records and/or itemized statements for C.P., Jr. from Eastern Radiologists."

110.    In its response to this request, Formativ did not state that these charges reflected its actual costs, or that these charges reflected an average of its actual costs.  Formativ did not reveal that these charges are unlawful under the HITECH act.

111.    C.P., Jr.'s attorney paid the expense.  C.P., Jr. is liable for the expense.

***Plaintiff Matthew Woodruff's Medical-Records and/or Medical-Bills Request***

112.    In a written request dated October 26, 2018 and signed by him, Plaintiff Matthew Woodruff requested copies of his medical records and/or medical bills from Eastern Radiologists, Inc., care of Formativ Health in Charlotte, North Carolina.

113.    In his request, Woodruff requested copies of his medical records and/or medical bills in electronic format only.

114.    Woodruff's request was headlined, "PATIENT DIRECTIVE TO HEALTHCARE PROVIDER PURSUANT TO HITECH RECORDS REQUEST."

115.    Woodruff directed the recipient of the request to send the medical records and/or bills to his attorney, Christopher C. Kessler, The Kessler Law Firm P.L.L.C., P.O. Box 8064, Greenville, NC 27835.

116.    Formativ responded by sending a form response and bill for $10.75 to The Kessler Law Firm.  The billed total from Formativ included a "Base Rate" of $10 plus additional per-page copy charges of $0.75.

117.    The form response stated, "You requested copies of medical records and/or itemized statements for Woodruff, Matthew from Eastern Radiologists."

118.    In its response to this request, Formativ did not state that these charges reflected its actual costs, or that these charges reflected an average of its actual costs.  Formativ did not reveal that these charges are unlawful under the HITECH act.

119. Woodruff's attorney paid the expense. Woodruff is liable for the expense.

***Plaintiff Mamie Patterson's Medical-Records and/or Medical-Bills Request***

120. In a written request dated November 12, 2018 and signed by her, Plaintiff Mamie Patterson requested copies of her medical records and/or medical bills from Nash X-Ray Associates PA care of Formativ Health in Charlotte, North Carolina.

121. In her request, Patterson requested copies of her medical records and/or medical bills in electronic format only.

122. Patterson's request was headlined, "PATIENT DIRECTIVE TO HEALTHCARE PROVIDER PURSUANT TO HITECH RECORDS REQUEST."

123. Patterson directed the recipient to send the medical records and/or medical bills to her attorney, Christopher C. Kessler, The Kessler Law Firm P.L.L.C., P.O. Box 8064, Greenville, NC 27835.

124. Formativ responded by sending a form response and bill for $10.75 to The Kessler Law Firm. The billed total from Formativ included a "Base Rate" of $10 plus additional per-page copy charges of $0.75.

125. The form response stated, "You requested copies of medical records and/or itemized statements for Patterson, Mamie from Nash X-Ray Associates."

126. In its response to this request, Formativ did not state that these charges reflected its actual costs, or that these charges reflected an average of its actual costs. Formativ did not reveal that these charges are unlawful under the HITECH act.

127. Patterson's attorney paid the expense. Patterson is liable for the expense.

128. In response to each of these requests, Formativ violated the HITECH act and overcharged Plaintiffs for their medical records and/or medical bills. In each case, Formativ

531900.11
17

imposed a fee described as a "Base Rate." In nearly every case, Formativ imposed additional per-page charges. In cases where the Plaintiffs made the requests directly and directed Formativ to send the medical records and/or medical bills to his or her lawyer, Formativ sent an invoice to the law firm taking the position that the law firm had requested the copies. In none of the cases did Formativ state that the charges it sought to impose reflected its actual costs, or that these charges reflected an average of its actual costs, as required by federal law.

129.   Plaintiffs suffered tangible monetary losses as a result of the wrongful practices.

130.   Plaintiffs come within one or more of the Classes injured by Formativ's wrongful practices.

## V.   CLASS ALLEGATIONS

131.   Plaintiffs bring this action on behalf of themselves and the class pursuant to Fed. R. Civ. P. 23.

132.   **Class Definition:** Plaintiffs propose the following class definitions:

a.   **Damages Class A** - Patient-*Directed* Requests Subjected to Formativ's Wrongful Billing Practice, Where Patient **Has** Paid the Improperly Billed Amount.  All persons in the United States who: (1) through their counsel, requested health information under the HITECH Act and asked that the medical records and/or medical bills be provided to his or her attorney; (2) were unlawfully charged in violation of U.S.C. §17935(e)(2), and 45 C.F.R. § 164.524(c)(4); (3) incurred a liability for the unlawfully charged amounts; and (4) had the unlawfully billed amounts subtracted from their personal-injury settlement or judgment.

b.   **Damages Class B** – Patient-*Initiated* Requests Subjected to Formativ's Wrongful Billing Practice, Where Patient **Has** Paid the Improperly Billed Amount.  All persons in the United States who: (1) **directly** requested health information under the HITECH Act and asked that the medical records and/or medical bills be provided to his or her attorney; (2) were unlawfully

charged in violation of U.S.C. §17935(e)(2), and 45 C.F.R. § 164.524(c)(4); (3) incurred a liability for the unlawfully charged amounts; and (4) had the unlawfully billed amounts subtracted from their personal-injury settlement or judgment.

      c.    **Damages Class C** — Patient-*Directed* Requests Subjected to Formativ's Wrongful Billing Practice, Where Patient **Has Not** Paid the Improperly Billed Amount. All Persons in the United States who: (1) through their counsel, requested health information under the HITECH Act and asked that the medical records and/or medical bills be provided to his or her attorney; (2) were unlawfully charged in violation of U.S.C. §17935(e)(2), and 45 C.F.R. § 164.524(c)(4); and (3) cannot get their medical records and/or medical bills unless they pay the unlawfully billed amounts.

      d.    **Damages Class D** — Patient-*Initiated* Requests Subjected to Formativ's Wrongful Billing Practice, Where Patient **Has Not** Paid the Improperly Billed Amount. All Persons in the United States who: (1) directly requested health information under the HITECH Act and asked that the medical records and/or medical bills be provided to his or her attorney; (2) were billed in violation of U.S.C. §17935(e)(2), and 45 C.F.R. § 164.524(c)(4); and (3) cannot get their medical records and/or medical bills unless they pay the unlawfully billed amounts.

133. Should the Court decide not to certify the nationwide classes described above, Plaintiffs will then seek certification of state Subclasses corresponding to Class members' states of residency.

134. **Numerosity:** Plaintiffs' proposed classes, as authorized by Rule 23(b) and described above, are likely so numerous that joinder of all members is impractical.

135. **Typicality:** The plaintiffs' claims and/or defenses are typical of the claims and/or defenses of the class in that the other class members have suffered and will continue to suffer

property loss, including but not limited to loss of monies, because of Formativ's standardized medical records and/or medical bills invoicing practices.

136.    **Named Class Members Identifiable.** Class members can be identified, upon information and belief, through Formativ's records.  Formativ invoices each contain an invoice number, date, customer number, recipient address, billed address, medical-provider name and address, patient name, patient's date of birth, and the description of charges imposed.  They are likely contained in one or more databases that can be used to identify and contact Class members.

137.    **Adequacy of Representation:** Plaintiffs will fairly and adequately protect the Classes because (1) Plaintiffs have retained counsel that are competent and experienced in the prosecution of such litigation, (2) Plaintiffs and their counsel are aware of no conflicts of interest between plaintiffs and absent Class members or otherwise; and (3) Plaintiffs are knowledgeable concerning the subject matter of this action and will assist counsel in the prosecution of this litigation.

138.    This lawsuit involves questions of law and fact that are common to the class.

139.    **Common Questions of Law and Fact:** Questions of law and fact which are common to the class with respect to the claims against Formativ predominate over any individual questions. Among such questions of law and fact are:

A.    Whether Formativ's procedures violate the North Carolina Unfair Trade Practices Act, N.C. Gen. Stat. § 75-1.1 et seq., and/or the consumer statutes of various states, by violating the HITECH Act.

B.    Whether Formativ's procedures violate the North Carolina Unfair Trade Practices Act, N.C. Gen. Stat. § 75-1.1 et seq., and/or the consumer statutes of various states, by continually overcharging individuals.

140. There is a community of interest among the Class Members in obtaining appropriate compensatory damages and declaratory relief.

141. **Superiority:** A class action provides a fair and efficient method for adjudicating this controversy and is superior to the other methods of adjudication in that (1) neither the size of the Classes, nor any other factor, make it likely that difficulties will be encountered in the management of this action as a class action; (2) the prosecution of separate actions by individual Class members, or the individual joinders of all Class members in this action, would be impracticable and would create a large and unnecessary burden on the resources of courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of each member of the class; (3) because of the disparity of resources available to Formativ compared to those available to individual Class members, prosecution of separate actions would work a financial hardship on many Class members, or make it impossible for individual Class members to bring separate actions; and (4) the conduct of this action as a class action conserves the resources of the parties and the court system and protects the rights of each member of the Classes and meets all due-process requirements as to fairness to all parties. A class action is also superior to maintenance of these claims on a claim-by-claim basis when all actions arise out of the same circumstances and course of conduct.

142. **Individual Prosecution Unlikely and Unreasonable.** Plaintiffs and their counsel are not aware of any interest that members of the Classes would have in individually controlling the prosecution of separate actions, especially given the size of each individual claim, and the cost, expense and difficulty of litigating against Formativ. Plaintiffs and their counsel are also not aware of any actions already commenced on behalf of the Classes alleging similar claims or seeking similar relief. Given the similar nature of Class members' claims and the absence of material

differences in the state statutes and common-law doctrine upon which the class members' claims are based (in the event North Carolina law is found not solely apply to the claims of Class members residing outside North Carolina), a class action should be managed by this court. A significant economy of scale exists in concentrating the litigation in this forum.

143.    The proposed Class fulfills the certification criteria of Rule 23, and certification of the above-defined class is appropriate under the provision of Rule 23(b).

## VI.    CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT

144.    Plaintiffs re-allege and herein incorporate the paragraphs set forth above.

145.    The North Carolina Unfair Trade Practices Act, N.C. Gen. Stat. § 75-1.1 *et seq.* ("NCUTPA") prohibits "unfair or deceptive acts or practices in or affecting commerce."

146.    Defendant's acts, omissions, misrepresentations, practices, and non-disclosures described above were unfair, deceptive, and fraudulent under the NCUTPA.

147.    Plaintiffs and the proposed Class members were damaged when they requested health-related information under the HITECH Act and received responses from Formativ that disregarded the requirements of the Act. Formativ's knowing and willful decision to disregard the HITECH Act's fee requirements, and to withhold the requested documents unless Plaintiffs and Class members paid the unlawfully inflated and improper invoices, constituted a deceptive and unlawful practice.

148.    Formativ's acts and omissions as described herein, and as will be further developed in discovery, were and are unfair and deceptive acts or practices in trade and commerce, and affect the public interest. As such, Formativ's acts and omissions as described herein, and as will be further developed in discovery, are in violation of the NCUTPA.

149.     Formativ's unlawful and improper practices directly and proximately caused injury to Plaintiffs and other Class members' property interests.

150.     During the Class Period, Formativ's unlawful conduct had a substantial effect on North Carolina commerce.

151.     Plaintiffs are entitled under N.C. Gen. Stat. § 75-16 to bring a civil action to remedy Formativ's violations and collect treble damages, reasonable attorneys' fees, costs of suit, and such other relief as may be permitted by statute.

152.     Accordingly, Plaintiff and Class members seek all relief available under N.C. Gen. Stat. §§ 75-1.1 and 75-16.

## COUNT II
## NEGLIGENT MISREPRESENTATION

153.     Plaintiffs re-allege and herein incorporate the paragraphs set forth above.

154.     Formativ made and continues to make the common negligent misrepresentation to Plaintiffs and members of the putative Classes that they were and are required to remit payment for "Base Rate," "additional pages," or other charges to receive PHI to which Plaintiffs and the putative class members were and are entitled.

155.     Formativ knew that its misrepresentations (that Plaintiffs and members of the putative Classes were and are required to remit payment for "Base Rate," "additional pages," or other charges) were false at the time that Formativ made them, because the HITECH Act prohibits such fees.

156.     Plaintiffs paid the above-referenced charges believing that it was necessary to obtain their PHI.

157.     Formativ negligently collected "Base Rate," "additional pages," or other charges from Plaintiffs to obtain PHI to which Plaintiffs were entitled, when Formativ knew or should have known that such charges were prohibited.

158.     Formativ also made and continues to make the common negligent misrepresentation to Plaintiffs and members of the putative Classes that their Patient-Initiated Requests were instead requests by the patients' law firm(s).

159.     Formativ made and continues to make this misrepresentation regarding the nature of the requests in order to impose "Base Rate," "additional pages," or other charges that are prohibited by the HITECH rule when the request comes from a patient.

160.     As a result of these common negligent misrepresentations, Plaintiffs and the putative Class members have suffered damages and been subjected to Formativ's unlawful practices.

## COUNT III
## UNJUST ENRICHMENT

161.     Plaintiffs re-allege the paragraphs set forth above and incorporate them as if fully set forth herein.

162.     Formativ wrongfully, negligently, and illegally collected and maintained charges for "search" and "retrieval" from Plaintiffs and members of the putative class.

163.     Upon information and belief, Formativ has realized millions of dollars in revenue from said wrongful conduct.

164.     Therefore, Plaintiffs conferred a measurable benefit on Formativ.

165.     Formativ has been unjustly enriched by charging and accepting these unlawful charges from Plaintiffs and members of the putative class, and therefore it would be unjust and improper to allow Formativ to retain the charges.

## COUNT IV
## DECLARATORY AND INJUNCTIVE RELIEF

166. Plaintiffs re-allege and herein incorporate the paragraphs set forth above.

167. Plaintiffs seek a judicial declaration that Formativ's practices violate North Carolina law as described in Counts I and II. Specifically, Plaintiffs seek an order from the Court enjoining Formativ from sending bills or invoices containing unlawful charges, collecting unlawful charges, or responding to patients' requests under the HITECH Act for healthcare information in any other way that violates U.S.C. § 17935(e)(2), or 45 C.F.R. § 164.524(c)(4).

### VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request a judgment against Formativ as follows:

1. **Class Certification.** A finding that this action should proceed as a class action under Fed. R. Civ. P. 23.

2. **Declaratory Relief.** A judicial declaration that the defendant's billing/invoicing practices when a patient requests healthcare information under the HITECH Act violates North Carolina law, and/or the law of the states where members of the putative Classes reside, and that all previously paid invoices involving Class members were unlawful.

3. **Equitable Relief.** Equitable relief in the form of restitution and/or disgorgement of all money received by Formativ as a result of the unlawful conduct alleged herein.

4. **Damages.** Damages in the amount to be proven at trial including but not limited to all monies improperly taken as a result of Formativ's conduct.

5. **Exemplary Damages.** Damages and such other relief, such as treble damages, under N.C. Gen. Stat. §§ 75-1.1 and 75-16.

6.    **Punitive Damages against Formativ.**  For punitive damages against Formativ as allowed by North Carolina law, and/or the law of the states where members of the putative Classes reside.

7.    **Fees and Costs.** The costs of bringing this suit, including but not limited to reasonable attorneys' fees and costs under applicable state and federal law.

8.    For such other relief that the Court deems just and proper.

Dated: January 11, 2019

Christopher C. Kessler
The Kessler Law Firm, PLLC
PO Box 8064
Greenville, NC 27835
Tel: 252-321-2535
Fax: 252-493-0585
cck@kesslerlawfirmpllc.com
NC #18696
Local Civil Rule 83.1(d) Counsel for Plaintiffs


Robert K. Shelquist (MN #021310X)
*(Notice of Special Appearance to be filed)*
Eric N. Linsk (MN #0388827)
*(Notice of Special Appearance to be filed)*
Lockridge Grindal Nauen P.L.L.P.
100 Washington Avenue S., Suite 2200
Minneapolis, MN 55401
Tel:    (612) 339-6900
Fax:    (612) 339-0981
rkshelquist@locklaw.com
rnlinsk@locklaw.com
Local Civil Rule 83.1(e)

J. Olin McDougall, II (SC #6948)
*(Notice of Special Appearance to be filed)*
McDougall Law Firm, LLC
P.O. Box 1336
Beaufort, SC 29901
Tel:    843-379-7000
Fax:    843-379-7007
lin@mlf.law
Local Civil Rule 83.1(e)

*Attorneys for Plaintiffs and the Putative Classes*